# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-50105

United States Court of Appeals
Fifth Circuit

**FILED**
March 30, 2020

Lyle W. Cayce
Clerk

GRAHAM JAY SONNENBERG,

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:18-CV-450

Before SMITH, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Graham Jay Sonnenberg, Texas prisoner # 1950692, moves for a certificate of appealability (COA) from the denial of his 28 U.S.C. § 2254 petition. Sonnenberg is serving concurrent sentences of 16 and 20 years, imposed after a jury convicted him of aggravated assault and strangulation assault.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50105

Before this court will grant a COA, Sonnenberg must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). He can do so by showing "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.

Sonnenberg asserts that trial counsel was ineffective for laboring under a conflict of interest due to a fee dispute, for failing to assert self defense, for failing to investigate witnesses and photographic evidence, and for failing to investigate and use the victim's medical records. He further contends that the State withheld some of the victim's medical records. He also argues that the federal district court should have held an evidentiary hearing.

Sonnenberg has failed to brief his assertions that he was subjected to double jeopardy and that counsel was ineffective for failing to request funds for an investigator and for failing to obtain a bond reduction. He has abandoned those claims. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999). With regard to his other claims of ineffective counsel and his claims that the State withheld evidence, Sonnenberg fails to make the showing necessary for a COA. A COA is denied with regard to those claims. *See* § 2253(c)(2); *Slack*, 529 U.S. at 484. The denial of an evidentiary hearing is affirmed. *See Norman v. Stephens*, 817 F.3d 226, 234-35 (5th Cir. 2016).

COA DENIED; AFFIRMED.